# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

No. 4:04-CR-129

United States of America

v.

James Scott Harrell
                                               Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed July 26, 2010, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. The Original Conviction and Sentence

Defendant was sentenced on July 1, 2005, before The Honorable Paul Brown, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of Felon in Possession of Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of V, was 46-57 months. Defendant was subsequently sentenced to 46 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions financial disclosure; no credit; drug aftercare; mental health aftercare; $500 fine; and a $100 special assessment.

## II. The Period of Supervision

Defendant's case was later reassigned to The Honorable Marcia A. Crone, U.S. District Judge for the Eastern District of Texas, on February 6, 2008. On July 27, 2009, this case was revoked, and defendant was sentenced to 12 months and 1 day imprisonment to be followed by a 24-month term of supervised release. As a special condition of supervised release, defendant was to reside in a residential reentry center or similar facility for a period of 120 days to commence upon release from confinement. On May 21, 2010, defendant completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on July 26, 2010. The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Special Condition: | The defendant shall reside in a residential reentry center or similar facility, in a prerelease component for a period of 120 days to commence upon release from confinement and shall observe the rules of that facility. Should the defendant obtain a residence approved by the probation officer during the 120 day placement, the defendant shall be released. |

As grounds, the petition alleges that defendant was unsuccessfully discharged on July 27, 2010 from the Bannum Place of Beaumont for possession of contraband, K2 Apple.

### IV. Proceedings

On July 29, 2010, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant would agree to plead "true" to the allegation that he violated a special condition of supervised release by being unsuccessfully discharged from Bannum Place. Further, the parties agreed the court should revoke defendant's supervised release and impose 10 months imprisonment, to include 53 days of unserved community confinement, with no term of supervised release thereafter.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a special condition of supervised release by being unsuccessfully discharged from Bannum Place.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 2 years. However, since defendant was previously revoked for 12 months and 1 day, his new maximum imprisonment term is 11 months and 29 days.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a special condition of supervised release by by being unsuccessfully discharged from Bannum Place, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of V, the guideline imprisonment range is 7 to 13 months.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. As such, defendant has 53 days of unserved community confinement.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

## Findings:

Defendant pleaded "true" to the allegation that he violated a special condition of supervised release by being unsuccessfully discharged from Bannum Place. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release by failing to comply and observe the rules of the facility.

## Conclusion and Justification:

Defendant's violation is a Grade C violation with policy guidelines suggesting 7 to 13 months imprisonment upon revocation. Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by being unsuccessfully discharged from Bannum Place. As such, incarceration appropriately addresses defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

## RECOMMENDATIONS

1. The court should find that defendant violated a special condition of supervised release, by being unsuccessfully discharged from Bannum Place, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of 10 months, to include 53 days of unserved community confinement. It is recommended that defendant be incarcerated in a Louisiana facility of the Federal Bureau of Prisons if deemed appropriate by the Bureau of Prisons.

4. Upon release of imprisonment, defendant should not be placed on supervised release.

5. Defendant should be ordered to pay a fine of $500. The fine is due immediately, payable by cashier's check or money order, to the United States District Court and forwarded to the United States District Clerk's Office, P.O. Box 570, Tyler, Texas 75710.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __29__ day of July, 2010.

_____
Earl S. Hines
United States Magistrate Judge